IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN D. SEABRON, )
)
Plaintiff, )
) No. 11 C 1078
vs. )
) Magistrate Judge Schenkier
MICHAEL ASTRUE, Commissioner )
of Social Security, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this social security appeal challenging the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This Court issued a Memorandum Opinion and Order reversing and remanding the Commissioner's decision. *Seabron v. Astrue*, No. 11 C 1078, 2011 WL 6178825 (N.D. Ill. Dec. 9, 2011).

Mr. Seabron now has petitioned this Court for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (doc. #28). Mr. Seabron argues that the Commissioner was not substantially justified in denying his application for SSI and DIB, as viewed through the lens of this Court's decision to reverse and remand the Commissioner's denial. Mr. Seabron seeks a total award of $10,139.75 in fees and costs for work done in this Court. For the reasons set forth below, this Court grants Mr. Seabron's motion.

I.

Under the EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorney's fees. 28 U.S.C. § 2412(d). A plaintiff is eligible to recover attorneys' fees where (1) the plaintiff makes a timely application for fees; (2) the plaintiff is a "prevailing party"; (3) the government's position was not "substantially justified"; and (4) no special circumstances makes an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B). There is no dispute that plaintiff has satisfied these prerequisites to an award of fees and costs.[1]

Instead, the parties dispute whether the requested award is reasonable and whether the award should be payable directly to the attorney. We address each of these issues in turn.

II.

Mr. Seabron has requested $10,139.75 in attorneys' fees and costs. Mr. Seabron has offered evidence that his attorneys worked 56.5 hours. Barry Shultz worked 7.3 hours, and Julie Coen worked 46.6 hours (Pl.'s Mot.: Ex. C); an additional 2.6 hours were spent on the reply to the defendant's EAJA response (Pl.'s Reply at 9). In addition, the two legal assistants together worked 1.6 hours. Using the United States City Average Consumer Price Index ("CPI") for the August 2011, when most of the work for the case was conducted, plaintiff calculated the hourly rate at $176.25 (Pl.'s Mot. at ¶ 13.). The Commissioner challenges the reasonableness of the amount of time plaintiff's attorneys spent on the case as well as the CPI plaintiff used to calculate the hourly rate. We find both challenges to be without merit.

---

[1] Defendant and plaintiff disagree about whether the EAJA motion was premature because Mr. Seabron filed his EAJA motion for attorneys' fees on January 17, 2012 (doc. #28), prior to the expiration of the 60-day time period for appeal (*Compare* Def.'s Resp. at 2 n. 1 and Pl.'s Reply at 1-2). However, the government does not seek denial of the motion on that basis, and we thus have no need to address it.

## A.

The Commissioner challenges as excessive the 58.1 total hours of work performed by Mr. Seabron's attorneys and legal assistants. The prevailing party has the burden of proving that the hours worked were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Awards should not be given for fee requests that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. While "no precise rule or formula" for determining what fees are reasonable exists, *id.* at 436-37, courts should avoid "engag[ing] in an arbitrary determination of how long a 'reasonable' attorney would spend" on certain matters. *O'Sullivan v. City of Chicago*, 484 F.Supp.2d 829, 837 (N.D. Ill. 2007). As noted by the Seventh Circuit, "[l]awyers do not come from cookie cutters;" different lawyers require different amounts of preparation. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). That said, we have a right to expect efficiency from experienced plaintiff's attorneys who, as in this case, are highly experienced specialists in litigating social security appeals.

Generally, to successfully challenge the number of attorney hours requested under the EAJA, the government should do more than point to a mere disparity between the fees sought in the one case and the amount of fees awarded in other cases. *Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008). "If the Government could show that the cases cited were similar to the present case with respect to volume of the background materials, the procedural nature of the case, and the number and complexity of the issues presented, its argument would carry more weight." *Id.* But, where the government offers "no objective standard" and "no rationale" for concluding that the plaintiff's attorney's hours were excessive, a decision on whether the number of hours was reasonable is "arbitrary." *See O'Sullivan*, 484 F.Supp.2d at 837.

3

In his motion for fees, Mr. Seabron points to decisions within this circuit awarding fees for 40 to 60 hours of work in the district court (Pl.'s Reply at 4). *See, e.g., Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases finding that permissible range of attorney hours spent in district court for social security cases is 40 to 60 hours). The Commissioner points to the concurrence in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2530 (2010), where it was noted that the average EAJA fee award is $3,000 to $4,000. Based on that observation in *Ratliff*, the Commissioner argues that because the amount plaintiff seeks is greater than that average, plaintiff's attorneys necessarily did not exercise the required billing judgment (Def.'s Resp. at 3). The Commissioner contends that the number of hours expended between two attorneys and two legal assistants is unreasonable given the "straightforward issues" in this case (Def.'s Resp. at 3). For this reason, the Commissioner argues the number of hours spent on the brief should be reduced by one-third and the number of hours spent on the reply brief should be reduced by one-half.

Mr. Seabron contends that the hours spent were warranted for three reasons. *First,* this case raised numerous legal issues that required detailed factual assessment of the administrative record, and considerable time was necessary to draft the reply brief because the Commissioner responded to numerous issues raised by plaintiff in his opening brief (Pl.'s Mot. at ¶ 14). *Second*, in response to the Commissioner's contention that charging for two attorneys' time is unreasonable, Mr. Seabron argues that Mr. Shultz merely supervised the case, and thus the minimal amount of time for which he seeks payment (1.5 hours spent reviewing and suggesting editing the opening brief, and 1.0 hours reviewing the Commissioner's response brief and editing the plaintiff's reply brief) is reasonable (Pl.'s Reply at 6). *Third,* Mr. Seabron points out that the Commissioner did not identify any

4

unnecessary or excessive time spent on properly made arguments; nor did the Commissioner point to any cases in this Circuit to bolster his arguments. *Id.* at 5.

This Court has been "skeptical about the wisdom" of making generic comparisons between social security cases and trying to use a one-size fits all approach. *Bryan v. Astrue*, No. 08 C 5472, 2010 WL 43834, at *4 (N.D.Ill. Feb 8, 2010). As in *Bryan*, the Commissioner here did not "point out arguments that were unnecessary or excessive time spent on arguments properly made." *Id.* Thus, we are not willing to reduce Mr. Seabron's attorneys' fee request based on a "generic comparison" to another case and vague ideas of reasonableness. *See Tchemkou*, 517 F.3d at 511 (government should do more than merely point to a disparity between the fees sought in the instant case and the amount of fees awards in other cases).

**B.**

We now turn to the parties' quibbling about the hourly rate. We say "quibbling because the requested rates they advance differ by the grand total of $0.56. *See, Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (characterizing a discrepancy of $3.00 in an hourly rate as a "quibble"). EAJA limits to $125.00 the hourly rate a prevailing party's attorney may recover, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "If [the party] points to inflation he still must show that it actually justifies a higher fee; . . . the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service . . . ." *Mathews-Sheets*,

5

653 F.3d at 563. The plaintiff's lawyer must also show that the claimant could not have found a lawyer capable of handling his claim in the same geographic area without the requested fee increase. *Id.* at 565. If the Commissioner contests the hourly attorney rate sought in its response brief, the claimant may use his or her reply brief to justify the rate sought. *Id.* at 563.

In his motion for fees, Mr. Seabron relied on evidence of inflation and the national average CPI to justify the requested hourly rate of $176.25 (Pl.'s Mot. at ¶ 13). Mr. Seabron articulated that, since the 1996 amendment to the EAJA, his attorney's non-contingency hourly rate has increased 52 percent, from $180.00 per hour to $275.00. In comparison, his contingency fee only increased 40 percent during the same time period. Furthermore, other expenses have also increased, including a three percent per annum increase in rent, a five percent increase for annual legal staff salary, a three to four percent increase in administrative staff salary, a 100 percent increase in health insurance costs, in addition to an increase in cost of legal research tools (*i.e.*, Westlaw), relevant continuing legal education conferences, and the cost of paper (Pl.'s Mot. at ¶ 16(b)). Furthermore, Mr. Seabron also provided affidavits from two attorneys practicing in the social security field whose hourly rates range from $165 to $350 per hour for social security claims (Pl.'s Mot.: Exs. D and E). Additionally, plaintiff provides nine Seventh Circuit decisions whose awards fall within this range (Pl.'s Mot. at ¶ 14). Lastly, Mr. Seabron also contends that the EAJA set rate of $125.00 per hour is not sufficient to attract competent counsel in the Chicago area in 2011 (Pl.'s Mot. at 16(a)).[2]

---

[2]While Mr. Seabron puts forth an interesting argument that his attorneys are entitled to higher fees because the claimant only has a 54 percent chance of obtaining a reversal and therefore plaintiffs' council has an effective rate of $67.50 per hour (54 percent of $125.00) (Pl.'s Mot. at ¶ 16(a)), Mr. Seabron does not provide any evidence that Congress took this into account when it determined the $125.00 per hour rate. Therefore, the cost of living adjustment to the EAJA is not reasonably warranted on those facts alone.

The Commissioner concedes that an adjustment of the hourly rate based on the CPI is warranted. However, the Commissioner contends that the rate of $176.25 based on the United States City Average CPI is too high and should instead be $175.69, based on the regional CPI for the Chicago-Gary-Kenosha area (Def.'s Resp. at 4). However, the Commissioner cites no case law in support of this contention. Furthermore, the district courts in the Seventh Circuit use both the average CPI and regional CPI without a clear preference for either. *See Hamrick v. Astrue*, 2010 WL 3862464, at *3 (N.D. Ind. 2010). In these circumstances, given the minuscule difference in the rates and the strength of plaintiff's evidence in support of a CPI adjustment, we opt for the higher $176.25 hourly rate.

### III.

Finally, the Commissioner contends that any fee award in this case must be made payable to the plaintiff, and not to plaintiff's attorney (Def.'s Resp. at 5). The Seventh Circuit recently held that if the plaintiff has assigned his right to a fee award to her lawyer in advance, as is the case here, "the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what [he] owes [his] lawyer." *Mathews-Sheets*, 635 F.3d at 565. Here, as in *Mathews-Sheets*, "[t]here is no indication of that in this case, so to ignore the assignment and order the fee paid to [him] would just create a potential collection problem for the lawyer." *Id.* at 565-66. Accordingly, we grant plaintiff's requests that any EAJA fees awarded be made payable directly to his attorney, pursuant to the assignment of fees set forth in Mr. Seabron's fee agreement with his counsel (Pl.'s Reply at 8-9 and Ex B).

## CONCLUSION

For the foregoing reasons, we grant Mr. Seabron's motion for attorneys' fees under the Equal Access to Justice Act (doc. #28), and award fees in the amount of $10,139.75 made payable to plaintiff's counsel.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: June 4, 2012